UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH COTTER, as she is ADMINISTRATOR,
PAINTERS AND ALLIED TRADES DISTRICT
COUNCIL NO. 35 TRUST FUNDS,
       Plaintiff,

vs.

PMG GLAZING, INC.,
       Defendant, and

NORTHERN BANK & TRUST,
       Trustee Process Defendant.

C.A. No.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. Plaintiff Deborah Cotter is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds"). The Funds are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

4. Defendant PMG Glazing, Inc. ("PMG") is a Massachusetts corporation with a place of business at 6 Stonewall Lane, Billerica, MA 01821 in this judicial district, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

5. Northern Bank & Trust is a banking institution which, on information and belief, holds assets of Defendant PMG.

**FACTS**

6. Defendant PMG is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers Association of New England, Inc. ("Employer Association"). The Agreement is a contract within the meaning of 29 U.S.C. §185(a). A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A.

7. The Agreement requires signatory employers such as PMG to make contributions to the Plaintiff Funds for each hour worked by employees. The Agreement specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the twentieth day of the subsequent month.

8. Under the Agreement, PMG is required to submit a remittance report for each month showing the amount of hours worked.

9. The Agreement also provides that delinquent contribution payments shall be subject to interest and penalties as are fixed by the Plaintiff Funds from time to time.

10. The Plaintiff Funds have set an interest rate of 1.5 percent per month for all signatory contractors, including PMG.

11. PMG has failed to pay contributions in full for work performed in the months of February 2021. Based on remittance reports submitted by PMG, the principal benefit contributions owed for the time period February 2021 through April 2021 amounts to $58,739.24. Interest on those unpaid principal benefit contributions continues to accrue at the rate of 1.5% per month until they are paid. As of July 22, 2021, interest owed amounted to $3,354.42.

12. PMG has failed to submit remittance reports for the months of May 2021 through present. As such, an additional, unliquidated amount is owed for these months.

13. The Funds sent a formal demand to PMG by first class mail and certified mail, return receipt requested, on June 25, 2021, for the amounts due for February 2021 through present. A copy of the demand letter with the return receipt is attached hereto as Exhibit B.[1]

14. In sum, PMG continues to owe principal benefit contributions for the period of February 2021 though April 2021 in the amount of $58,739.24, an unliquidated amount of principal benefit contributions for the period of May 2021 though present, continuing interest on the unpaid contributions, which as of July 21, 2021 amounted to $3,354.42 plus statutory liquidated damages, and all legal fees and costs of collection through the date of final payment. The Funds estimate that the amount owed by PMG is at least $62,093.66, plus unliquidated

---

[1] The demand letter indicates that PMG owes $53,545.45 in contributions rather than $58,739.24 because the Funds inadvertently left out working dues owed by PMG from its initial calculations.

contributions, continuing interest, statutory liquidated damages, and all legal fees and costs of collection.

## COUNT I - VIOLATION OF ERISA

15. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 14 above.

16. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the sums it owes Plaintiff Funds, along with any interest on late payments and discrepancies, and the Funds and their participants will be irreparably damaged.

17. Absent an order from this Court, the Defendant will continue to refuse and fail to provide remittance reports to the Funds.

18. The failure of PMG to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

19. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

20. The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

21. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 20 above.

22. The Agreement is a contract within the meaning of §301 of the LMRA.

23. The failure of PMG to pay all contributions and interest owed on behalf of its covered employees violates the terms of the Agreement.

24.     The failure of PMG to provide remittance reports for the months of May 2021 through present violates the terms of the Agreement.

25.     The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus all amounts due of past-due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to the §301 of the LMRA.

WHEREFORE, Plaintiff requests this Court to grant the following relief:

a.      Order PMG to make available to the Plaintiff Funds or their duly authorized representative and/or auditor all of its payroll records, including, but not limited to, contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from February 1, 2021 until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period as well as accounts receivable for that period;

b.      Order the attachment by trustee process of the bank accounts of PMG held by Northern Bank & Trust up to the amount of $62,093.66;

c.      Order the attachment of the bank accounts, funds, machinery, inventory and accounts receivable of PMG up to the amount of $62,093.66;

d.      Enter a preliminary and permanent injunction enjoining PMG from refusing or failing to make payment of contributions, interest, auditor fees, legal fees and costs of collection, and liquidated damages owed to Plaintiff Funds;

e.      Enter a preliminary and permanent injunction enjoining PMG from refusing or failing to provide remittance reports to Plaintiff Funds;

  f. Enter judgment in favor of the Plaintiff Funds on Count I for all principal benefit contributions owed for the months of February 1, 2021, through present, together with all amounts that fall due during the pendency of this action or are discovered to be due during the pendency of this action, and continuing interest at the rate of 1.5% per month on all principal benefit contributions, calculated from the date due to the date paid, together with liquidated damages and reasonable attorneys' fees and costs pursuant to ERISA, 29 U.S.C. §1132(g)(2);

  f. Enter judgment in favor of the Plaintiff Funds on Count II for all contributions, interest, legal fees and costs of collection owed under the Agreement, and all amounts which may become due under the Agreement during the pendency of this action, and

  g. Such further and other relief as this Court may deem appropriate.

           Respectfully submitted,

           DEBORAH COTTER, as she is
           ADMINISTRATOR, PAINTERS AND
           ALLIED TRADES DISTRICT COUNCIL
           No. 35 TRUST FUNDS,

           By his attorneys,

           /s/ Jasper Groner
           Jasper Groner, BBO #682403
           Segal Roitman, LLP
           33 Harrison Avenue, 7th Floor
           Boston, MA  02111
           (617) 603-1434
July 27, 2021         jgroner@segalroitman.com

## **VERIFICATION**

    I, Deborah Cotter, Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds, verify that I have read the above Verified Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, and, as to those statements, I am informed and believe them to be true.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF JULY, 2021.

*Deborah Cotter*
Deborah Cotter